Burket, J.
Nearly the whole controversy in this case turns upon the question as to whether the petition of the plaintiff below was a petition in error or in equity.
As we view the matter it was a petition in error. The probate court had made an order upon which the executor and guardian acted to the prejudice of John Roberts Jr., while he was an infant, and under section 6723, Revised Statutes, as it then *113 stood, lie had a right within six months after becoming of full age, to file a petition in error in the court of common pleas to reverse that order; and in such petition it was proper to aver and set out such extrinsic facts as would show his age, and his relation to the order or judgment of which he complained, and such facts would not change his petition in error to one in equity. It often occurs in a proceeding in error that extrinsic facts must be pleaded in order to show a right in the plaintiff in error to have the judgment reversed. When a party to a judgment dies, and his heirs, executors or administrators desire to prosecute error, there must be an averment of the extrinsic facts occurring after the rendition of the judgment, in order to give the plaintiff in error a standing in court. In such cases the petition in error must be properly verified as to such extrinsic facts. Hanover v. Sperry, 35 Ohio St., 244. If issue is taken as to such material extrinsic facts they must be established by proper evidence on the hearing, but such facts do not become a part of the record sought to be reversed, because nothing may be added to or taken from the record by averment in the petition in error. Such extrinsic facts only serve to show that the plaintiff in error has a right to prosecute error upon such record.
If more extrinsic facts are pleaded than are necessary they usually do no harm, as they are immaterial upon the hearing of the petition in error upon its merits. A motion to strike out such immaterial averments of fact should be sustained, but it is not usually error to overrule such motion. In the case at bar there is a recital of the history of the estate in the petition in error, which adds nothing to the legal force of the petition, and should have been *114 stricken out. The eighth assignment of error was proper for the reason that it shows that the executor and guardian acted under the order of the probate court, and that, therefore, the order was to his prejudice; but what is said as to the value of the lands in this item, and in the ninth item of the petition in error, is irrelevant and should have been stricken out. The same is true of the tenth item. But the refusal of the court to strike out said irrelevant matter was not prejudicial error, because they could not prejudice the hearing on the merits. The real question, after all, was, did the probate court err to the prejudice of John Roberts Jr., in making the order complained of? This question could be answered and determined by a court as well with these irrelevant facts in the petition as with them out of it.
The petition against John Roberts Jr., and others, was filed in the probate court on the 20th day of February, 1888. No summons was served upon him. No guardian ad litem was appointed, and he was not in any manner brought into court; and yet on the same day an order having the force of a judgment, was rendered against him, and thereby he was prevented from obtaining his legacy in the manner and form, and at the time as provided in his father’s will. It is said now that owing to the insolvency of Wesley Roberts, and the lack of assets of the testator’s estate, John Roberts Jr., received as much or more under this order of the probate court as he would have received under his father’s will if administered according to law. But this, if true, would not deprive him of his rights to take that which his father bequeathed to him. He could not be deprived of that right against his will without his day in court. He had no day in court, and, therefore, the order against him was erroneous. That it was also *115 prejudicial is clear, because it deprived him of a valuable right against his will, a right which he may prize very highly, even though in the end it may turn out to be of less value than the farm which was conveyed to him under the order of the probate court.
The bequest to him was several, and the order affected that bequest, and he, .therefore, had a right to reverse it by petition in error against the same parties who were parties in interest to the proceeding in which the order was made. He need not bring in new parties who were not parties to the action, unless they have succeeded to the rights of such parties upon the record, or by operation of law.
There was, therefore, no error in overruling the motion to make Schaber a party defendant. Neither was there any error in overruling the demurrers, as there was no defect as to parties plaintiff or defendant, and no misjoinder of actions, there being but one action, the petition in error. The court had full jurisdiction of the subject matter, and the petition stated a good cause of action in error. That was all that was claimed for it, and all that was prayed for. There was no occasion for resorting to a petition in equity, because he had a plain and adequate remedy at law by petition in error.
As to the matter of defects of parties defendant, it is particularly urged that John Fleming Roberts and Edwin Roberts wére parties defendant in the proceedings in the probate court, and that John Fleming Roberts was not made a party, and Edwin Roberts was not served with summons, in the proceedings in error by John Roberts Jr., and that, therefore, there is a fatal defect of parties defendant.
It will be noticed as a matter of importance, that *116 while the petition in the probate court contains the names of John Fleming Roberts and Edwin Roberts, it asks no relief for or against them, and that the court made no order for or against them in the order complained of. A contract to which John Fleming Roberts and Edwin Roberts are not parties, is attached as “Exhibit A,” and the prayer of the petition is that the probate court ratify and confirm said agreement, and order said James H. Malcolm, guardian of John Roberts Jr., to proceed to carry into effect the provisions of said agreement on behalf of John Roberts Jr. The order of the probate court granted the prayer of the petition, and authorized the executor and guardian to carry out the provisions of the contract. But no order was made as to John Fleming Roberts or Edwin Roberts, and their names do not appear in the contract, nor in the order of the probate court, and no attempt is made to affect their rights in any manner. The order is not a judgment for them or against them, and therefore they were not necessary parties to the petition in error filed by John Roberts Jr.
The object of the petition in error was, to clear away the cloud upon the right of John Roberts Jr., to receive his bequest under his father’s will, by reversing the order by means of which that cloud was cast upon his rights, so that, having cleared away that cloud, he might proceed according to law to recover his legacy without being hampered by that order of the probate court.
With that order standing as a valid order unreversed, it might be difficult to obtain his legacy under the will, as it would be urged that he should be bound by the order, as he failed to file a petition to reverse it within six months after reaching his ^majority.
*117 It is urged that if he had no day in court he was not a party to the record, and has no right to prosecute error, that the order as to him is void, and that he cannot prosecute error to reverse a void judgment. He is a party named in the petition and record and in the order against him. His rights are attempted to be affected by the order, and on the face of the record it does affect them. The executor and guardian acted under it to his prejudice, claiming it to be valid. He has a right to reverse it and thereby show its invalidity.
Even if the order is void as against him, he has a right to prosecute error to reverse it. He has a right to reverse a void judgment in order to clear away the cloud cast thereby upon his rights or property. Clay v. Edgerton, 19 Ohio St., 555.
The question as to placing the parties in statu quo cannot arise in this proceeding in error. After the illegal order of the probate court shall be reversed, and the cloud upon the rights of John Roberts Jr., removed, and when he shall attempt to obtain his legacy under the will, the rights of the several parties will be protected, and such orders made as will secure to each his full rights. The first step toward repudiating the illegal acts of the executor and guardian is to reverse this illegal order of the probate court, and then before he can obtain his legacy under the will, he must in a proper manner restore the lands. He cannot disaffirm the proceedings of the probate court, executor and guardian, and at the same time affirm them by holding on to the lands conveyed to him by virtue of these proceedings. He must be consistent throughout.
The circuit court reversed the judgment of the court of common pleas upon two grounds, one being that the judgment was against the weight of the *118 evidence, in which we fully concur, and the other that the cause was one in equity and not alone in error, and the judgment was not responsive to the issues joined in the case. In this the circuit court was wrong, but its judgment of reversal was right, because there is manifest error in the record of the probate court to the prejudice of John Roberts Jr., as already shown in this opinion, and the court of common pleas should have reversed that order, unless it found from the weight of the evidence that he had, after reaching his majority, ratified the •order and proceedings so had in the probate court. He avers in his petition that he did not ratify said agreement or order, and this averment is denied in the general denial of the answers, and this was the only material issue in the case for trial, all the other necessary extrinsic facts being conceded in the pleadings.
The question of ratification not being conceded in the pleadings or evidence, this court cannot proceed to render such judgment as the court of common pleas should have rendered, even though the circuit court found that the judgment of the common pleas was against the weight of the evidence.
The judgment of the circuit court will therefore be affirmed, and the cause will be remanded to the court of common pleas for trial upon the single question as to whether there was or was not a ratification of said judgment and order by John Roberts Jr., after he became of the age of majority, and having ascertained that fact, reverse or affirm the order and judgment of the probate court in accordance with this opinion.

Judgment affirmed and cause remanded to the court of common pleas for trial upon the question as to ratification.